24-1914-cv
*Sari E. Newman v. JPMorgan Chase Bank, N.A.,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-five.

PRESENT:
BARRINGTON D. PARKER,
EUNICE C. LEE,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

_____

Sari E. Newman,

*Plaintiff-Appellant,*

v.                                                              24-1914

JPMorgan Chase Bank, N.A.,

*Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:** DANIEL A. SCHLANGER, EVAN S. ROTHFARB, Schlanger Law Group LLP.

**FOR DEFENDANT-APPELLEE:** JULIA B. STRICKLAND, DAVID W. MOON, TALONA H. HOLBERT, Steptoe LLP.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Sari E. Newman appeals from a judgment of the district court entered following its grant of summary judgment to Defendant-Appellee JPMorgan Chase Bank, N.A. ("Chase"). In 2018, Newman opened a savings account with Chase. Starting around January 19, 2022, a series of twenty-five unauthorized ACH transfers totaling $46,975 were made from account to an account held at a different bank by a company called Aspiration Financial LLC ("Aspiration").

Upon discovering these transfers in April 2022, Newman contacted Chase

to dispute them and to attempt to recoup the transferred funds. Chase initiated an investigation and, in the interim, issued Newman a provisional credit for $38,975. However, Chase did not provisionally credit the remaining $8,000 because the disputed transactions totaling that amount had occurred more than sixty days after Chase sent Newman the first statement on which these transactions appeared. *See* 15 U.S.C. § 1693g(a)(2).

In the course of Chase's investigation, it received an ACH Authorization and Agreement form from Aspiration that purported to bear an electronic signature from Newman. Based on this form, the specialist assigned by Chase to investigate Newman's allegations of fraud denied her claim. Shortly thereafter, Aspiration returned $14,000 to Chase, which the bank credited to Newman's account, but Chase informed Newman that the remaining balance of her claim ($24,975) would be denied. In response, Newman commenced the present action, seeking $42,9000 in actual losses plus damages under the Electronic Funds Transfer Act ("EFTA").

After Newman commenced this action, Chase Bank reimbursed her the entire outstanding balance of $32,975 that had not yet been credited to her

3

account, plus interest. Chase admitted the denial of Newman's claim was an error that occurred because Chase deviated from the bank's standard expectations and policies.

Chase then moved for summary judgment, principally contending that the EFTA's bona fide error defense in § 1693m(c) insulated it from liability for its initial failure to return the disputed funds to Newman's account. The district court agreed with Chase that the bona fide error defense applied, and that Chase presented sufficient evidence that it met the elements of the defense. The court then granted Chase summary judgment on all of Newman's claims.

On appeal, Newman argues that the district court failed to address the EFTA's requirement that financial institutions reimburse consumers for unauthorized transfers pursuant to § 1693g and instead focused only on whether Chase's procedures to investigate disputes complied with the EFTA. Newman also argues that the EFTA provides for emotional distress damages which she had sought in the district court. She does not, however, challenge the district court's factual findings regarding Chase's bona fide error defense.

We assume the parties' familiarity with the remaining facts, procedural

4

history, and issues on appeal.

* * *

The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund . . . transfer systems." 15 U.S.C. § 1693(b). To enforce its protections, the EFTA authorizes claims against "any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer." 15 U.S.C. § 1693m(a). Section 1693m(c) of the EFTA contains a bona fide error provision which offers an affirmative defense "*in any action* brought under this section for a violation of" the EFTA, "except as provided in section 1693h of this title." 15 U.S.C. § 1693m(c) (emphasis added). Newman acknowledges she brings her suit under § 1693m(a) and that she alleges a violation of § 1693g. She does not allege that Chase violated § 1693h.

Newman argues that Chase cannot rely on the bona fide error defense because § 1693g independently creates "an affirmative reimbursement obligation" for financial institutions and that "§ 1693g is an *ultimate* liability

provision requiring reimbursement by financial institutions to consumers for unauthorized transactions." She further argues that by focusing entirely on whether Chase had set up procedures to investigate disputes, as required under § 1693f, the district court failed to consider Chase's reimbursement obligation under § 1693g. However, this argument misses the mark in two ways. First, Newman claims Chase violated both §§ 1693f and 1693g, but each alleged violation arises from the same conduct: Chase's purportedly flawed investigation into Newman's claims and its decision not to promptly reimburse the disputed transactions. Second, the operative language here is in § 1693m, because that is the provision of the EFTA that grants Newman the right to sue based on the violations she alleges, and § 1693m(c) provides a bona fide error defense. As a result, that defense shields Chase from liability for all of Newman's claims.[1]

Newman next argues that the bona fide error "defense is limited. . . and is principally addressed to clerical mistakes," and does not apply to the factual

1 We do not opine on whether § 1693m absolves a bank from its ultimate obligation to reimburse a consumer for the amount of an unauthorized transfer in accordance with § 1693g. That circumstance is not before us because Chase reimbursed Newman during the pendency of this action.

mistake Chase made when it investigated Newman's claim. We are not persuaded. Section 1693m(c) does not mention the word "clerical," and, in any event, the Supreme Court has recognized that a bona fide error defense applies to both clerical and factual errors. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 594-95 (2010). The caselaw Newman relies on addresses circumstances not present here. *See Daye v. Cmty. Fin. Serv. Ctrs.*, 233 F. Supp 3d 946, 1016 (D.N.M. 2017) (holding that the bona fide error defense is not applicable when a financial institution adopts policies that explicitly violate provisions of the EFTA); *Kelsey v. Pitsch Cos.*, 2015 WL 3604437, at *2 (W.D. Mich. June 8, 2015) (holding that the bona fide error defense does not apply when a financial institution fails to contend that it met the various requirements of the defense). Because there is no support in the EFTA or the caselaw for Newman's argument that the bona fide error exception applies only to "clerical" errors, we reject this argument.

Because Newman does not challenge the district court's factual finding that Chase's policies and procedures are sufficient to establish a bona fide error defense, and because we conclude that the defense applies, the district court

correctly found that Newman's claims fail.

Finally, Newman asks this Court to find that emotional damages are available for plaintiffs bringing private claims under the EFTA. We need not reach this question given our conclusion that the district court properly granted Chase summary judgment.

\* \* \*

We have considered Newman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court